# Richmond

SARAH MAYO, ET ALS. V. CHESAPEAKE PAPER STOCK COMPANY, EMPLOYER, ET ALS.

October 9, 1944.

Record No. 2815.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*John W. Fussell*, for the appellants.

*May, Simpkins & Young,* for the appellees.

BROWNING, J., delivered the opinion of the court.

This case comes from the Industrial Commission of Virginia. It is brought by Sarah Mayo, widow of James C. Mayo, dec'd, employee, v. Chesapeake Paper Stock Co., employer, Employers' Liability Assurance Corporation, insurer. Here are the facts as briefly as we can state them:

The parties will be hereafter generally referred to as the claimant and the company. In the Spring of 1942, the claimant was employed by the company as a laborer. The period of his employment is not made clear by the record. It appears to have ended on March 9th when he began working at what is known as the Bellwood plant. The case is built on the theory that the claimant was injured when he stepped on a roll of paper while in the employ of the company. The accident appears to have happened around the 7th of March in the plant of the company and this we get from the testimony of Dr. James T. Tucker, one of the witnesses who was examined before the Commission. He said in answer to the question:

"Q. Did he report to you where he sprained it?

"A. They referred him to the orthopedic clinic March 25th. At that time he was seen and he said that, '18 days ago I stepped on a roll of paper and turned my ankle. It was very painful at the time, but thought it would be O. K. It continued to pain' ".

Counting back, 18 days from the 25th would fix the date of the accident as the 7th of March. It seemed to have been a negligible sort of thing. On the 9th of March, he went to work for the Bellwood plant, washing walls, etc. He complained to his wife of pain in his ankle and he related the occurrence to others, but he did not notify the company in accordance with the statutory requirement. The company knew nothing of it until the 14th or 15th of May when someone from the Social Service office called the president, J. W. Watkins, and informed him of the matter. He went

to see the claimant and asked him if he did not know that it was his duty to report the accident, and he said "yes" and Mr. Watkins said that he did not know, but likely the claimant said that it was so slight that he did not think it necessary to report it. The medical testimony showed that by June 17th, the injury had progressed to the stage of osteomyelitis of the ankle, which is an infection of the bone. The progress of the ailment could not be checked by drainage or otherwise, and it became necessary on August 15th, to amputate the leg. Septicemia, blood stream infection, developed and he died on October 14, 1942.

Compensation was claimed under the appropriate sections of the Act, Michie's 1936 Code, Sec. 1887(1) *et seq.* A hearing was had before Commissioner Nickels at Richmond, Virginia, July 6, 1943. On August 9, 1943, the hearing Commissioner in an opinion which is a part of the record, dismissed the case from the docket. This action was confirmed by the full Commission in a review before it on October 21, 1943. The hearing Commissioner's action in dismissing the claim was predicated on the ground that the deceased gave no notice to his employer within the 30-day period as provided by Sec. 23 of the Act, and that the lack of notice was prejudicial to the rights of the defendants in the case.

It is admitted by the claimant that the required notice was not given. The effect of this was sought to be countered by the claimant's attorneys by the contention that the injury at first was of such a minor degree as not to have been recognized at the time as an injury requiring notice and that when it assumed such proportions, he did all that he could to notify the employer; that he asked his wife to report it and she said, that on account of the hard circumstances under which she labored at the time, she had to seek help from the "Social Service People," and she asked them to report it. At that time, the deceased was in the hospital. The further contention is made that even if the notice requirements of the statute had not been complied with, still the lack of such notice was not prejudicial to the rights of

the defendants. The hearing Commissioner quotes from the testimony of Dr. Tucker, on this point, which is as follows:

"Q. If the deceased had been referred to you immediately after the alleged accident and had been treated, what, in your opinion, is the probable prognosis of the outcome?

"A. I would have strapped the ankle. I think rest was the treatment.

"Q. Under those circumstances, would you have anticipated osteomyelitis, or would you have expected it to have healed in a reasonable length of time and returned to work?

"A. I would have X-rayed him and expected it to have healed without complications."

This testimony was thought by the Commissioner to be a sufficient basis for the conclusion. With this we are in accord. We do not think that the claimant's explanation furnished reasonable excuse for not giving notice. We here set out Sec. 23 of the Act:

"Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Act, prior to the giving of such notice; unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person; but no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice, and the Commission is satisfied that the employer has not been prejudiced thereby."

It is apparent that the Industrial Commission was justified in its holding that no reasonable excuse has been made for the failure to give the required notice.

The evidence shows that notices were posted in the establishment of the employer where the claimant worked bringing to the attention of the employees the duty of immediately reporting any accident, however trivial and seemingly inconsequential. It is plainly incumbent upon this court to affirm the award of the Commission.

*Affirmed.*